UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>– against –<br><br>GLENN THOMAS,<br><br>Defendant. | 11-CR-046<br><br>Statement of Reasons Pursuant to<br>18 U.S.C. § 3553(c)(2) |

JACK B. WEINSTEIN, Senior United States District Judge:

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On March 11, 2011, Glenn Thomas pleaded guilty to a single-count indictment, which charged that on October 4, 2010, defendant, an alien who had previously been deported from the United States after conviction of a felony, was found in the United States, without previously receiving permission from the Secretary of the United States Department of Homeland Security, in violation of 8 U.S.C. §§ 1326 (a) and (b)(1).

Thomas was sentenced on June 27, 2011. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The court finds the total offense level to be ten and defendant's criminal history category to be category III, yielding a guidelines range of imprisonment of between ten and sixteen months. The calculation of the total offense level included a four-point enhancement because he was previously deported after sustaining a conviction for a felony. The offense carried a maximum term of imprisonment of ten years. *See* 8 U.S.C. §§ 1326(a) and (b)(1). The guidelines range of fine was from $2000 to $20,000.

Thomas was sentenced to time served and three years' supervised release. A $100 special assessment was imposed. No fines were imposed because the defendant does not have any assets, and it is unlikely that he will have any in the future to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and *Booker*. *Cf.* Abe Cho, Note, *Lowering Sentences for Illegal Immigrants? Why*

*Judges Should Have Discretion to Vary from the Guidelines Based on Fast-Track Sentencing Disparities*, 43 Colum. J. L. & Soc. Probs. 447 (2010) (arguing federal district judges have discretion to impose lower sentences in immigration cases to avoid sentencing disparities with "fast-track" programs found predominately in southwest border states).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Illegal reentry into the United States is a serious crime. Prior to being deported defendant was involved in a marijuana distribution conspiracy. He returned to the country after being convicted of misprision of a felony. Defendant is forty-eight years old. He is illiterate and has a fifth grade education. Growing up in extreme poverty in Jamaica, he received little formal education. Despite these difficult circumstances he has assumed responsibility for his family and takes pride in caring for his children. Defendant has been in custody since December 22, 2010. A sentence of time served reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A). Defendant has served six months and will likely be detained for some additional months due to inherent delays in the deportation procedures. A longer sentence is not necessary and will result in undue costs on the taxpayer.

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in illegal reentry into the United States will result in a substantial prison sentence. Specific deterrence is achieved through incapacitation and the impact of this conviction on the defendant's employability and ability to return to the country. It is unlikely that he will engage in further criminal activity in light of his age and sincere remorse.

_____
Jack B. Weinstein
Senior United States District Judge

Dated: June 27, 2011
      Brooklyn, New York